[885 NYS2d 686]

In the Matter of LEIGH E. ANDERSON, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, October 2, 2009

## APPEARANCES OF COUNSEL

*Guy C. Giancarlo, Associate Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*David J. Seeger*, Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on September 18, 1979, and maintains an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with acts of misconduct, including commingling client funds with personal funds. Respondent filed an answer admitting the material allegations of the petition, and she appeared before this Court and submitted matters in mitigation.

Respondent admits that she maintained personal funds in her attorney trust account, that she did not have in place an accounting system to ensure that she did not misappropriate client funds, and that she did not maintain required records for her trust account. Additionally, respondent admits that she failed to account to a client for funds entrusted to her for disbursements and failed to provide that client with a statement of client's rights and responsibilities. Finally, respondent admits that she failed to submit itemized bills to a client in a domestic relations matter at 60-day intervals.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on her fitness as a lawyer;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—commingling client funds with personal funds;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds, securities and other properties of a client or third person coming into her possession and to render appropriate accounts to the client or third person regarding them;

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts;

DR 9-102 (d) (2) (22 NYCRR 1200.46 [d] [2])—failing to maintain a record for special accounts, showing the source of all funds deposited in such accounts, the names of all persons for whom the funds are or were held, the amount of such funds,

the description and amounts, and the names of all persons to whom such funds were disbursed;

DR 9-102 (d) (8) (22 NYCRR 1200.46 [d] [8])—failing to maintain checkbooks and check stubs, bank statements, prenumbered cancelled checks and duplicate deposit slips; and

DR 9-102 (d) (9) (22 NYCRR 1200.46 [d] [9])—failing to make accurate, contemporaneous entries of all financial transactions in her records of receipts and disbursements, special accounts, ledger books and in any other books of account kept by her in the regular course of her practice.

Additionally, respondent violated 22 NYCRR 1400.2 and 1400.3 by failing to provide a client with a statement of client's rights and responsibilities and by failing to submit to a client in a domestic relations matter itemized bills at 60-day intervals.

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including her outstanding record of pro bono service. Additionally, we have considered respondent's candor and cooperation during the investigation conducted by the Grievance Committee. Finally, we have considered respondent's expression of extreme remorse for the misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

HURLBUTT, J.P., SMITH, CENTRA, PERADOTTO and GORSKI, JJ., concur.

Order of censure entered.